**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy McMullin, ) | No. CV-06-2928-PHX-LOA |
| ) | |
| Plaintiff, ) | **AMENDED SCHEDULING ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Ron Brock Heating and Cooling, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is the time set for an informal amended Rule 16(b), FED.R.CIV.P. Scheduling Conference. Plaintiff is present and representing herself. Defendant is represented by counsel, Cassandra V. Meyer. Court reporter is not present.

All parties have heretofore consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 14 and # 15) Plaintiff is informed that the United States Supreme Court has made clear: federal "judges have no obligation to act as counsel or paralegal to pro se litigants" because requiring trial judges to explain the details of federal procedure or act as the pro se's counsel "would undermine district [or magistrate] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 226-227 (2004). Plaintiff advises that she intends to speak with an attorney in the near future about representation in this case.

Counsel and the Court discuss the current deadlines in the June 25, 2007

1  Scheduling Order issued by Judge Murguia. The parties stipulate and agree to the
2  modifications set forth hereinafter.

3  **IT IS ORDERED** that the parties, by and through their counsel, shall comply with
4  the deadlines set forth set forth in this Order and in the June 25, 2007 Scheduling Order not
5  inconsistent with this Order. Stipulations extending the time for the doing of any act required
6  by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court
7  approval. LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D.
8  Maine 1985)(good cause not shown to amend scheduling order); *Janicki Logging Co. v.
9  Mateer*, 42 F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken
10 seriously"). Continuances of these deadlines may be granted only upon a showing of good
11 cause and by leave of the assigned trial judge. Settlement negotiations, however, do not
12 constitute good cause. These **deadlines are real**. The parties are advised that the Court
13 intends to enforce the deadlines set forth in this Order, and should plan their litigation
14 activities accordingly. *Hostnut.Com, Inc. v. Go Daddy Software, Inc.*, 2006 WL 2573201 *1
15 (D. Ariz. 2006).

16      1. The parties confirm that each party has made her or its Rule 26(a) initial
17 disclosures prior to today.

18      2. Each testifying expert witness (regardless of whether such expert witness has
19 or has not been specifically retained for this case, such as, a treating physician, or if the expert
20 is an employee of the calling party) shall provide a written report to the adverse party as
21 required by Rule 26(a)(2)(B). *Minnesota Mining and Manufacturing Co. v. Signtech USA,
22 Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

23      No expert witness not timely disclosed will be permitted to testify unless the party
24 offering such witness demonstrates: (a) that the necessity of such expert witness could not
25 have been reasonably anticipated at the time of the deadline for disclosing such expert
26 witness; (b) the Court and opposing counsel or unrepresented party were promptly notified
27 upon discovery of such expert witness; and (c) that such expert witness was promptly
28

proffered for deposition. *Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th Cir. 2004); Rule 37(c)(1), FED.R.CIV.P.

3. Final disclosure of all known witnesses, exhibits and other matters under Rule 26(a)(3), Fed.R.Civ. P. and supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ. P. by **Monday, March 31, 2008**.[1]

4. Completion of all discovery: **Wednesday, April 30, 2008**.

5. Filing dispositive motion(s) on or before **Friday, May 30, 2008**. Any cross-motion(s) for summary judgment or any other dispositive motion(s) may be filed on or before **June 30, 2008**; provided, however, such motions are related **solely** to the specific issue(s) directly raised in the initial dispositive motion(s).

The parties and counsel are hereby advised that the Court has various audio/visual equipment available for use at an evidentiary hearing or trial at no cost to the Bar. This equipment includes an evidence presentation system, which consists of a document camera, digital projector, and screen. The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. For further information please contact the Court's A/V Specialist, Brian Lalley at (602) 322-7131.

**IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b) Scheduling Conference after the Court's ruling on all dispositive motions; after completion of all discovery, if no dispositive motion is timely filed; or upon written request from any party to discuss the setting of a jury trial and all issues related thereto, i.e. the length and

---

[1] The parties are on notice that this order supercedes the "30 day before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

1  times of trial, motions in limine, Daubert hearings, etc.  Plaintiff and counsel shall bring
2  their calendars with them to this conference.

3       **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of
4  the possibility of settlement and should settlement be reached, the parties shall immediately
5  file a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers.
6  LRCiv 40.2(d).  This Court views compliance with the provisions of this Order as critical to
7  its case management responsibilities and the responsibilities of the parties under Rule 1 of
8  the Federal Rules of Civil Procedure.

9       The parties are advised that when sufficient information has been disclosed
10 between the parties to fairly appreciate and evaluate the strengths and weaknesses of the
11 claims and defenses alleged in this case, a settlement conference before another U.S.
12 magistrate judge may be requested. Delay in requesting, scheduling or concluding a
13 settlement conference or settlement negotiations do not constitute good cause to continue or
14 extend the deadlines set herein.

15       **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
16 shall hereinafter comply with the Rules of Practice for the United States District Court for
17 the District of Arizona, as amended on December 1, 2006.  The District's Rules of Practice
18 may be found on the District Court's internet web page at www.azd.uscourts.gov/.  All
19 other rules may be found at www.uscourts.gov/rules/.  The fact that a party is acting *pro se*
20 does not discharge this party's duties to "abide by the rules of the court in which he
21 litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir.
22 1986).

23       DATED this 8th day of August, 2007.

Lawrence O. Anderson
United States Magistrate Judge